### No. 2487

### Second Circuit

---

### DOWDEN v. ARTHUR

---

(May 22, 1928. Opinion and Decree.)

---

*(Syllabus by the Editor)*

1. Louisiana Digest—Sales—Par. 239.

Under Civil Code Art. 2535 "the redhibition of animals can only be sued for within two months, immediately following the sale."

2. Louisiana Digest—Sales—Par. 243; Evidence—Par. 58, 59.

The burden of proof is on the defendant to show that the animals purchased by him were affected with a redhibitory vice which entitled him to rescind the sale.

3. **Louisiana Digest—Sales—Par. 243; Evidence—Par. 58, 60.**

Where the testimony as to a redhibitory vice in an animal purchased is conflicting, the burden of proof being on the defendant, there must be judgment for plaintiff.

Appeal from the Eleventh Judicial District Court, Parish of Sabine. Hon. Hal A. Burgess, Judge.

Action by Clyde Dowden against T. C. Arthur.

There was judgment for defendant and plaintiff appealed.

Judgment reversed.

Don E. SoRelle, of Many attorney for plaintiff, appellant.

Boone and Boone, of Many, attorneys for defendant, appellee.

WEBB, J. The plaintiff, Clyde Dowden, instituted this action against defendant, T. C. Arthur, on January 19, 1925, to recover judgment on two promissory notes, one of which was drawn by defendant on April 1, 1924, for the sum of one hundred seventy-five dollars, payable to the order of plaintiff six months after date, bearing interest at the rate of eight per cent per annum from maturity and stipulating for attorney's fees of ten per cent and the other was drawn by Bill Hollands on January 28, 1924, for the sum of fifty dollars, payable to the order of T. C. Arthur nine months after date, bearing eight per cent interest from maturity and stipulating for attorney's fees of ten per cent and endorsed in blank by T. C. Arthur, which notes plaintiff alleges he acquired as the consideration of the sale of two mules and a set of harness sold by him to defendant.

The defendant answered on January 25, 1925, setting up as a defense to the action that the mules had been sold to him under a guarantee that they were sound and would work anywhere, and that one of the mules proved to be not as represented but was sickly and would not work to wagon or plow satisfactorily, and is practically useless, and rendering the pair practically worthless, and that defendant had tendered the mules to plaintiff and demanded the rescission of the sale, which was refused by plaintiff, and that defendant had been damaged in the sum of two hundred fifty dollars in caring for and feeding the animals, and he prayed for judgment rejecting plaintiff's demands and for judgment in reconvention for the damages alleged.

The plaintiff, apparently anticipating that defendant, under his answer, would attempt to show that the sale was null for redhibitory vices, in the animals, pleaded the prescription of two months under Article 2535 C. C., which was referred to the merits, and, on trial, evidence being admitted without objection tending to show that one of the animals was affected with the vice of balking, the plea of prescription was overruled and judgment rendered rescinding the sale and declaring plaintiff to be the owner of the mules and entitled to possession of the same, and declaring the defendant to be the owner of the notes sued on, from which judgment plaintiff appealed.

The evidence established that the sale was made on or prior to April 1, 1924, and that more than two months elapsed prior to any complaint being made by the defendant, and we assume that it is conceded that under the provisions of Article 2535, which declares that, "The redhibition of animals can only be sued for within two months immediately following the sale," the plea of prescription would have been good as against a direct action of

the defendant to rescind the sale, but it is contended that although the right to rescind the sale was prescribed, the defendant could set up the redhibitory vices of the animals to defeat the demand for the price, or to show that the consideration of the notes had failed.

The defendant carried the burden of proof to establish that the consideration had failed, or that the animals were affected with a redhibitory vice which would have entitled him to rescind the sale, and passing the fact that the evidence tends to show that only one of the animals was affected with any redhibitory vice, and that it does not tend to show that such vice affected the other animal, or rendered it of·less value (see Andry vs. Foy, 6 Mar. (O. S.) 689), we do not think the preponderance of the evidence established the vice in the animal alleged to have been affected. The testimony as to such vice is conflicting, but the undisputed fact is that defendant worked the animal for more than two months without having made any complaint, and if the vice with which it is claimed the animal was affected existed prior to the sale and was not brought about by the manner in which defendant handled it, such vice should have been discovered long prior to the time plaintiff made any complaint, and considering these facts with the testimony of the witnesses who had worked the animal prior to the sale to the effect that it was not affected with such vice, we are of the opinion that the defense failed and that plaintiff should have had judgment as prayed for.

It is therefore ordered, adjudged and decreed that the judgment appealed from be annulled, avoided and reversed, and that plaintiff, Clyde Dowden, have and recover judgment against defendant, T. C. Arthur, in the sum of two hundred twenty-five dollars, with eight per cent per annum interest on one hundred seventy-five dollars thereof from October 11, 1924, until paid, and eight per cent per annum interest on fifty dollars thereof from October 28, 1924, until paid, with ten per cent as attorney's fees on the amount of the judgment and interest, and with recognition of plaintiff's vendor's privilege on the mules and harness, and all costs of suit.